```
              IN THE UNITED STATES DISTRICT COURT
                   FOR THE DISTRICT OF KANSAS
```

**KEVIN LOUIS MOST,**

        **Petitioner,**

        v.                              CASE NO. 07-3126-SAC

**SALINE COUNTY**
**DISTRICT COURT, et al.,**

        **Respondents.**

### O R D E R

This petition for writ of habeas corpus, 28 U.S.C. § 2254, was filed by an inmate of the Saline County Jail, Saline, Kansas. Petitioner paid the filing fee. Mr. Most seeks to challenge his conviction by a jury in the District Court of Saline County, Kansas, of two counts of aggravated indecent liberties with a child. He was sentenced on April 27, 2007, to 59 months in prison. As grounds for this Petition, Mr. Most sets forth conclusory claims of ineffective assistance of his trial defense counsel, improper evidence, and insufficient evidence[1].

It is plain from statements in the Petition and the date of his sentencing that Mr. Most has not completed a direct appeal of his state conviction[2]. In response to questions on his form Petition

---

[1] The court has received a letter from petitioner in which he asks if he needs an attorney. This letter was not treated as a motion since it does not ask that counsel be appointed. If petitioner wishes to have counsel appointed, he must file a Motion to Appoint Counsel. Given the court's disposition of this Petition, a motion to appoint counsel would be moot.

[2] Plaintiff may not proceed in federal court under 28 U.S.C. 2254 until he has fully exhausted his state court remedies. O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999)("A state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition."). Furthermore, if he fails to raise his claims on direct appeal, he risks having those claims considered defaulted in the future. Generally, the exhaustion prerequisite is not satisfied unless all claims asserted have been presented by "invoking one complete round of the State's established appellate review process." Id. at 845. This means petitioner's claims must have been "properly presented" as federal constitutional issues "to the highest state court, either by direct review of the conviction or in a post-conviction attack." Dever v. Kansas State Penitentiary, 36 F.3d

regarding direct appeal, Mr. Most alleges his defense attorney said he would file an appeal but withdrew on the day of sentencing. Petitioner states he does not know if an appeal was filed.

28 U.S.C. 2254(b)(1) provides:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that -- (A) the applicant has exhausted the remedies available in the courts of the State. . . .

Id. In the alternative, the applicant must show that State corrective process is either unavailable or ineffective. 28 U.S.C. 2254(b)(1)(B). Petitioner has made neither showing. The court concludes this action must be dismissed, without prejudice, for the reason that petitioner has not exhausted state court remedies.

**IT IS THEREFORE ORDERED** that this action is dismissed, without prejudice, on account of petitioner's failure to exhaust state court remedies.

**IT IS SO ORDERED.**

Dated this 24th day of May, 2007, at Topeka, Kansas.

s/Sam A. Crow
U. S. Senior District Judge

---

1531, 1534 (10th Cir. 1994).
   Petitioner would be well-advised to immediately contact the trial court, the Kansas Court of Appeals, or his trial attorney and determine whether or not a Notice of Appeal has been filed in his criminal case, or immediately file a Notice of Appeal or Motion to File Late Appeal in the state court citing his criminal case number. If plaintiff is unable to pursue a direct appeal, he may seek post-conviction relief in the state district court in which he was tried. If relief is denied by that court he must appeal to the Kansas Court of Appeals; and if that court denies relief he must file a Petition for Review in the Kansas Supreme Court.